<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| A.A. ACTION COLLECTION CO., INC. d/b/a ACTION COLLECTION, | : : : | |
| Plaintiff, | : : | Civil Action No. 2:11-00364-SDW-SCM |
| v. | : : | |
| RICHARD DWECK, ACTION RECOVERY SERVICES CORP. d/b/a ACTION FINANCIAL SERVICES, SAFE HOME PRODUCTS, INC., JOHN DOE CORPORATIONS, JOHN DOE ENTITIES and TD BANK, N.A., | : : : : : : : : : | **OPINION** September 28, 2015 |
| Defendants/Third-Party Plaintiffs, | : : | |
| v. | : : | |
| TODD BANK and ACTION PROCESS AND SUBPOENA CO., INC. d/b/a ACTION SUBPOENA, | : : : : | |
| Third-Party Defendants. | : : | |

**WIGENTON**, District Judge.

Before this Court is Defendant/Third-Party Plaintiff TD Bank N.A.'s ("TD Bank" or "Defendant/Third-Party Plaintiff") Motion for Summary Judgment dismissing all claims against it and on its cross-claims and counterclaims pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331.  Venue is proper pursuant to

1

28 U.S.C. § 1391.  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, this Court **GRANTS** TD Bank's Motion for Summary Judgment dismissing all claims against it and on its cross-claims and counterclaims.

## FACTUAL BACKGROUND

A.A. Action Collection Co., Inc. ("Plaintiff") is a commercial debt collector, collecting debts due from its client's customers.  (Am. Compl. ¶¶ 15, 18-19.)  In January 2005, Plaintiff began maintaining its business accounts with TD Bank, where Plaintiff deposited checks it received to satisfy those debts.  (*Id.* at ¶¶ 18-20.) The deposited checks were made payable to Plaintiff and/or its designated agents.  (*Id.*)  Plaintiff paid a percentage of such collections to its clients from its TD Bank account.  (*Id.* at ¶¶ 18, 28.)

In 2004, Plaintiff's principal, Todd Bank ("Mr. Bank" or "Third-Party Defendant") hired a close friend, Richard Dweck ("Dweck"), to help develop new customers for Plaintiff's business. (*Id.* at ¶ 24; Rosen Decl., Ex. K at 20-23.)  In January 2005, Plaintiff opened an additional bank account at TD Bank in the name of "A.A. Action Collection Co., Inc.," designating Dweck as an authorized signatory. (*Id.* at ¶ 27.)  On February 14, 2008, Plaintiff removed Dweck from its bank accounts and terminated his employment after discovering that he was defrauding Plaintiff by forging and cashing checks worth approximately $101,000.  (*Id.* at ¶¶ 29-30, 70-71, 77.)

During his employment, Dweck formed a competing debt collection company with a "strikingly similar" name to that of Plaintiff: Action Recovery Services Corp. ("ARS").  (*Id.* at ¶ 31.)  On February 20, 2006, Dweck opened a TD Bank account in the name of ARS.  (*Id.* at ¶ 33.)  Dweck then began to divert funds from Plaintiff's clients and deposit them into the ARS bank account or other personal accounts. (*Id.* at ¶¶ 37, 44-46.)  In doing so, Dweck held himself out as

a principal of Plaintiff and as payee of the checks drawn to Plaintiff's order.  (*Id*. at ¶¶ 29, 37, 69.)

Dweck carried out the fraudulent scheme for approximately two and a half years.  (*Id.* at ¶¶ 29-68.)

In 2007, Plaintiff's clients telephoned Mr. Bank to complain that Plaintiff had collected debts for them, but made no payments to Plaintiff for those collections.  (*Id*. at ¶ 38.)

On February 14, 2008, approximately four years after hiring Dweck, Plaintiff discovered Dweck's unlawful conduct, terminated Dweck's employment, advised TD Bank of what had transpired, and filed a Police Investigation Report.  (*Id*. at ¶¶ 68-72.)  On June 29, 2012, Dweck was indicted in the Superior Court of New Jersey, Essex County, and later pled guilty to the felony of theft by unlawful taking.  (*See* Dkt. No. 142, Ex. J.)

## PROCEDURAL HISTORY

On January 20, 2011, Plaintiff filed its Complaint against Dweck and TD Bank.  (Dkt. No. 1.) The parties filed a stipulation allowing Plaintiff to file its Amended Complaint on November 10, 2011.  (Dkt. Nos. 74-75.)  As against Dweck, Plaintiff asserts the following causes of action: misrepresentation, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a) (Count I); unfair competition in violation of N.J.S.A. § 56:4-1 (Count II); unjust enrichment (Count III); conversion (Count IV); fraud (Count V); and tortious interference with prospective economic advantage (Count VI).  (Am. Compl. ¶¶ 86-124.)  As against TD Bank, Plaintiff alleges negligence under N.J.S.A. § 12A:3-404 and N.J.S.A. § 12A:3-405 (Count VII); breach of fiduciary duty under N.J.S.A. § 12A:3-307 (Count VIII); negligence (Count IX); breach of fiduciary duty (Count X); aiding and abetting breach of fiduciary duty (Count XI); conversion (Count XII); fraudulent concealment (Count XIII); and breach of contract (Count XIV).  (*Id*. at ¶¶ 125-168.)

On December 9, 2011 TD Bank filed its Answer to Plaintiff's Amended Complaint. (Dkt. No. 81.)  TD Bank asserts two counterclaims against Plaintiff, two cross-claims against Dweck, and two cross-claims against Mr. Bank.  (*Id.*)  TD Bank alleges that Plaintiff is liable pursuant to the Account Agreements in which Plaintiff agreed to indemnify TD Bank from any claims, damages, liabilities, losses, costs, and expenses arising from the acts alleged in the respective pleadings. (*Id.* at ¶¶ 12-13.)  Further, TD Bank claims that if Dweck sustained losses in the manner alleged by Plaintiff, then on the basis of apportionment of responsibility for the alleged acts, TD Bank is entitled to "indemnification and/or contribution from and judgment over Plaintiff for all or part of any verdict or judgment that Dweck and Defendants may recover against TD Bank." (*Id.* at ¶¶ 14-15.)  TD Bank's cross-claims against Dweck and Mr. Bank are of the same nature as its counterclaims and need not be repeated here.  (*Id.* at ¶¶ 16-28.)

On February 3, 2012 Dweck filed his Answer to Plaintiff's Amended Complaint.  (Dkt. No. 86.)  Dweck brings the following cross-claims against TD Bank: conversion; breach of bailment; breach of contract; breach of fiduciary duty; trespass to personal property; consumer fraud; and negligence.  (*Id.* at ¶¶ 1-30.)  As against Plaintiff and Mr. Bank, Dweck asserts the following counterclaims: breach of fiduciary duty; unjust enrichment; breach of contract; fraud; buyout of partnership interest; partner breaching duty to co-partner; piercing the corporate veil; and employer's bad faith against employee.  (*Id.* at ¶¶ 15-56.)

On February 27, 2015, TD Bank filed the instant Motion for Summary Judgment dismissing all claims against it and on its cross-claims and counterclaims pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No. 142.)  Dweck and Plaintiff filed their opposition papers on March 13, 2015 and May 8, 2015, respectively. (Dkt. Nos. 143, 149.)  TD Bank filed its reply on June 8, 2015.  (Dkt. No. 150.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

## **DISCUSSION**

### ***Plaintiff's Claims Against TD Bank***

The gravamen of Plaintiff's claims is that TD Bank committed conversion when TD Bank wrongfully paid checks bearing forged indorsements. Because the checks at issue were payable to Plaintiff, forged by Dweck and deposited in Dweck's ARS account, Plaintiff's conversion claim is governed by the Uniform Commercial Code ("U.C.C.") Sections 3-420(a) and 3-118(g). Section 3-420(a) states, in relevant part:

> An instrument is [] converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

6

Section 3-118(g) provides that an action for conversion "must be commenced within three years after the [cause of action] accrues."  In other words, the three-year statute of limitations period begins to run when the bank pays on the forged indorsement.  *See New Jersey Lawyers' Fund for Client Protection v. Pace*, 186 N.J. 123, 125 (2006).  Here, the record demonstrates that TD Bank paid the last check at issue on November 15, 2007.  (*See* Vacca Decl., Ex. 1.)  Therefore, because the statute of limitations expired on November 15, 2010, and Plaintiff commenced this action on January 20, 2011, Plaintiff's action will be dismissed as time-barred.

Furthermore, Plaintiff's common law claims of negligence, breach of fiduciary duty, conversion, fraudulent concealment, and breach of contract are displaced by the U.C.C. and are thus subject to the U.C.C. three-year statute of limitations.  *See Adkins v. Sogliuzzo*, 2013 WL 5468970, at *4 (D.N.J. Sept. 30, 2013); *Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.L.A.*, 909 F. Supp. 948, 956 (D.N.J. 1995) ("[The U.C.C.] provides a comprehensive framework for allocating losses when a forged check enters the negotiation process. Only in very rare instances should a court upset the legislative scheme of loss allocation and permit a common law cause of action."); *Khorozian v. Hudson United Bancorp*, 2008 WL 2245434, *3-4 (App. Div. June 3, 2008).

Contrary to Plaintiff's argument that it enjoyed a "special relationship" with TD Bank that allows its common law claims to proceed, this Court finds that no such relationship existed.  *See Adkins v. Sogliuzzo*, 2013 WL 5468970, at *5 (noting that a special relationship precluding tort liability may be "created by agreement, undertaking or contact that gives rise to a duty," and finding no special relationship between the banks and the customers at issue).  Indeed, the record is devoid of evidence that Plaintiff and TD Bank had anything beyond a standard banking relationship.  Moreover, the parties' account agreements disclaim the existence of a special

relationship: "This agreement and the deposit relationship do not create a fiduciary, quasi-fiduciary or special relationship between you and us.  Our deposit relationship with you is that of debtor and creditor."   (*See* Vacca Decl., Ex. 2 at TD 00898.)  Thus, because no special relationship was created, Plaintiff's common law claims are displaced by the U.C.C.

Plaintiffs' argument that the discovery rule should apply in order to extend the three-year limitations period is unavailing, as the discovery rule is inapplicable to cases involving the U.C.C. *See Menichini v. Grant*, 995 F.2d 1224, 1231 (3d Cir. 1993) ("Vigorous application of the statute of limitations is a reasonable means of achieving certainty in commercial transactions. Indeed, in the context of bank collections, the Code explicitly mandates 'mechanical' application of the statute of limitations notwithstanding the customer's failure to discover a forged indorsement within the relevant limitations period."); *Adkins v. Sogliuzzo*, 2013 WL 5468970, at *6; *New Jersey Lawyers' Fund for Client Protection v. Pace*, 186 N.J. at 125.  As such, this Court will dismiss Plaintiff's claims against TD Bank and grant the motion for summary judgment.

Even assuming, arguendo, that the U.C.C. three-year statute of limitations is inapplicable, Plaintiff has failed to show it is entitled to recover damages.  Section 3-420(b) provides that the appropriate measure of damages is "the amount payable on the instrument."  Here, the amount payable on the checks at issue was close to $101,000, yet Plaintiff has already recovered $10,443.45 from TD Bank, $88,339.24 from Dweck, and $180,000 from both Dweck and the insurance company, amounting to a total recovery of $280,000.  (Am. Compl. ¶ 77, pp. 16-17; Rosen Decl., Ex. H-K.)  As a result, Plaintiff may not recover any damages because the amount payable on the checks has been satisfied under the U.C.C.  Additionally, there is no merit to Plaintiff's request for $80 million in punitive damages, as the U.C.C. flatly rejects punitive damage awards.  *See* U.C.C. § 1-305 ("[N]either consequential or special damages nor penal damages may

be had except as specifically provided in [the U.C.C.] or by other rule of law."). Hence, Plaintiff's claims are subject to dismissal.

***Dweck's Cross-Claims Against TD Bank***

This Court finds no merit to Dweck's cross-claims against TD Bank. Dweck pled guilty to the felony of theft by unlawful taking for cashing the checks at issue. (*See* Rosen Decl., Ex. J.) As such, Dweck breached the U.C.C. § 4-207(a)(1) and (2) transfer warranties made to TD Bank that he was entitled to enforce the checks and that his signatures were authentic. Hence, it is Dweck who is liable to TD Bank. As such, Dweck's cross-claims against TD Bank are dismissed.

***TD Bank's Claims Against Plaintiff and Dweck***

Both Dweck and Plaintiff are contractually obligated to indemnify TD Bank as set forth in the Account Agreements entered into by the parties. The relevant provision states:

> You agree to indemnify us against all losses, costs, attorneys' fees, and any other liabilities that we incur by reason of responding to or initiating any legal action, including any interpleader action we commence involving you or your Account. As part of that indemnity, in the event we incur liability to a creditor of yours as a result of our response or failure to respond to a legal action, you agree to pay us on demand the amount of our liability to your creditor and to reimburse us for any expense, attorneys' fees, or other costs we may incur in collecting the amount from you.

(*See* Vacca Decl., Ex. 2 at TD 000898.) The plain meaning of the agreement allows TD Bank to be reimbursed for its damages. Accordingly, this Court grants TD Bank's Motion for Summary Judgment dismissing all claims against it and on its cross-claims and counterclaims. Any determination regarding costs shall be determined in a subsequent proceeding, if appropriate.

## CONCLUSION

For the reasons set forth above, TD Bank's Motion for Summary Judgment dismissing all claims against it and on its cross-claims and counterclaims is **GRANTED**. An order consistent with this Opinion follows.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig:     Clerk
cc:       Parties
          Magistrate Judge Steven C. Mannion