**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| A.A. ACTION COLLECTION CO., INC. d/b/a ACTION COLLECTION,<br><br>      Plaintiff,<br>v.<br><br>RICHARD DWECK, *et al.*,<br><br>      Defendants. | Civil Action No.<br><br>2:11-CV-0364-SCM<br><br>**OPINION AND ORDER ON DEFENDANT RICHARD DWECK'S MOTION *IN LIMINE* [D.E. 177]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

    Before the Court is a motion *in limine* by Defendant, Richard Dweck ("Mr. Dweck") to bar Plaintiff, A.A. Action Collection Co., Inc. ("A.A. Action") from using as evidence Mr. Dweck's guilty plea, conviction, and sentence from a related criminal matter.[1]  The Court has reviewed the parties' submissions and decided this motion without oral argument.  For the following reasons, the Court **GRANTS** the motion *in limine*.

I.    **BACKGROUND**

    This is a misrepresentation, fraud, and conversion action alleged by A.A. Action. In August of 2004, A.A. Action hired Mr.

---

[1] (ECF Docket Entry No. ("D.E.") 177).

Dweck to develop new customers for the company.[2] A.A. Action alleges that Mr. Dweck unlawfully took property when he failed to distribute monies received from debtors to many of A.A. Action's creditor customers.[3]  Mr. Dweck has counterclaimed for breach of fiduciary duty and unjust enrichment.[4]

Prior to this civil action, Mr. Dweck was a defendant in a criminal action arising out of the same activity, *State of New Jersey v. Richard Dweck* (Indictment No. 12-6-1746).  The criminal action alleged that Mr. Dweck stole from A.A. Action, a crime of the Second Degree.[5]  Mr. Dweck faced a maximum penalty of five years imprisonment if he was convicted.[6]  Rather than go to trial, Mr. Dweck entered into a plea agreement.  As part of the plea agreement, the State moved to amend the charge in Count One of the Indictment downward from second degree to third degree theft, and Mr. Dweck agreed to plead guilty to third

---

[2] (D.E. 1, Complaint ¶ 24).

[3] (*Id.*, Complaint at ¶ 38).

[4] (D.E. 86, Amended Answer at ¶¶ 139-144).

[5] (D.E. 177, Certification of Jeffery ¶ 6 (citing NJSA 2C:20-3(a)).

[6] (D.E. 179, Certification of Lombardi Ex. A, New Jersey Judiciary Plea Form).

degree theft.[7]  The State also agreed to dismiss the charge in Count Two during sentencing.[8]

During the plea hearing, the prosecutor stated that the State would recommend noncustodial probation and restitution of $150,000.[9]  During the hearing, Mr. Dweck's attorney was ordered to perform an allocution during which he asked Defendant a series of questions to confirm the nature of the criminal activity for which he was pleading guilty.[10]  The Court's Judgment of Conviction resulting from the plea hearing included a civil reservation, which stated that the "[j]udgment of conviction shall not be used in civil proceeding."[11]

On June 17, 2016, Mr. Dweck filed the instant motion *in limine*.  On June 30, 2016, A.A. Action filed its opposition brief, arguing that Mr. Dweck waived his immunity when he provided testimony at his deposition in the civil matter that was contradictory to his testimony in the criminal matter.[12]

---

[7](*Id.* Ex. B, Transcript of Plea, 14-15).

[8] (*Id.* at 15).

[9] (*Id.* at 3-4; *See also id.* Ex. A, New Jersey Judiciary Plea Form).

[10] (*Id.* Ex. B, at 17-19).

[11] (*Id.* at Ex. A, New Jersey Judiciary Plea Form).

[12] (D.E. 178, Pl.'s Opp. Brief at 6).

Mr. Dweck argues in response that he did *not* waive the civil reservation because the exception for enforcement of civil reservations falls "under a particular set of facts which are not present in this case."[13]

## II.   <u>LEGAL STANDARD</u>

"The Court may hear motions *in limine* because it has the inherent authority to manage cases brought before it."[14]  "An '*in limine* ruling on evidence issues is a procedure which should, in the trial court's discretion, be used in appropriate cases.'"[15] An appropriate case for such a motion is when the court can shield the jury from unfairly prejudicial evidence.[16] An *in limine* ruling may foster efficiency for the court and for counsel by preventing needless argument at trial.[17]

---

[13] (D.E. 182, Def.'s Reply Brief at 5).

[14] *Ebenhoech v. Koppers Industries, Inc.*, 239 F. Supp. 2d 455, 460 (D.N.J. 2002) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).

[15] *Id.* (quoting *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983)).

[16] *Id.* (citing *United States v. Romano*, 849 F.2d 812, 815 (3d. Cir. 1988)).

[17] *New Jersey Civil Procedure* § 16-2:2 (citing *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).

III. <u>**DISCUSSION AND ANALYSIS**</u>

There are two issues before the Court.  First, whether Mr. Dweck waived his civil reservation by providing deposition testimony in the civil proceeding that was inconsistent with his guilty plea in the criminal proceeding.  Second, whether A.A. Action can use the contradictory testimony to impeach Mr. Dweck's credibility if the immunity is not waived.

A.    <u>**New Jersey Rule 3:9-2 Applies in this Case**</u>

The Rules Governing the Courts of New Jersey allow a criminal defendant to take a civil reservation to prevent his guilty plea from being used against him in a subsequent civil case.[18]  The purpose of the rule is "to avoid an unnecessary criminal trial of a defendant who fears that a civil claimant will later use his plea of guilty as a devastating admission of civil liability."[19]  The rule requires "good cause," which may exist when the civil reservation incentivizes the defendant to plead guilty, thus saving the court from potentially costly litigation.[20]

---

[18] *R.* 3:9-2.

[19] *Stone v. Police Dept. of Keyport*, 191 N.J. Super. 554, 558 (N.J. Super. 1983).

[20] *See State v. Haulaway, Inc.*, 257 N.J. Super. 506, 508 (App. Div. 1992) (stating good cause exists when the civil reservation is necessary to the defendant pleading guilty).

5

The Superior Court included a civil reservation in its Judgment of Conviction signed by Mr. Dweck stating, "Judgment of Conviction shall not be used in civil proceeding."[21]  No party argues that the civil reservation was invalid.  The parties disagree as to whether Mr. Dweck waived civil reservation through his deposition testimony.

### B.   The Civil Reservation Is Not Waived Based on *Stone*

The court in *Stone v. Police Dept. of Keyport* discussed an exception for when a defendant may waive their civil reservation.[22] In cases where the defendant in the criminal matter is the *plaintiff* in the subsequent civil matter, the reservation can be waived if the plaintiff "offered his own testimony to support his civil claim and that testimony is inconsistent with the sworn testimony he gave to support his plea."[23]  The court did not state a rule that expanded this exception to include situations in which the criminal defendant is the civil defendant.  Thus, the court's application and statement of the law suggests that the exception applies only

---

[21] (D.E. 177, Def.'s Brief at Ex. A).

[22] *Stone*, 191 N.J. Super. at 558.

[23] *Id.*

when the criminal defendant is the plaintiff in the subsequent civil action.

The instant action is distinguishable from *Stone*. In *Stone*, the defendant in the criminal matter attempted to use his contradictory testimonies to bolster his civil claims against the officers involved in the criminal matter.[24]  Here, Mr. Dweck is not contradicting his criminal plea in such a way as to bolster an affirmative claim; he is only defending himself against the claims in the civil action.

A.A. Action argues that because Mr. Dweck's deposition testimony contradicts his admissions during the Plea Hearing, his civil reservation should be waived.  This argument frustrates the purpose of the rule.  Every defendant who has a civil reservation from a prior criminal matter would likely waive their reservation when defending against a civil claim and the civil reservation would no longer have any benefit.  Because Mr. Dweck is the defendant in both the criminal and civil matters, *Stone* does not apply and the reservation was not waived.

---

[24] *Id.*

C.    <u>**The Testimony Is Not Necessarily Inconsistent**</u>

A defendant who maintains his innocence may plead guilty to a charge after weighing the costs of litigation against the risk of conviction.[25]   The penalties a defendant faces after entering into a plea agreement are almost always less harsh than the defendant would have faced if convicted at trial. Notwithstanding a defendant's innocence, a guilty plea may be a better alternative to fighting charges, risking conviction and harsher penalties.   Where the defendant chooses to plead guilty, he may be required to undergo an allocution during which he is asked to admit to a series of questions regarding the nature of the criminal activity for which he pled guilty.

In this case, Mr. Dweck, as part of his plea, was required to undergo an allocution.[26]   Mr. Dweck faced a potential maximum penalty of five years imprisonment, but chose to plead guilty, resulting in the prosecutor recommending noncustodial probation and payment of restitution.   Mr. Dweck's deposition testimony was consistent with the concept of civil reservation—that one may plead guilty to a crime but that the plea would not be used against him in any civil trial.   During his deposition,

---

[25] *See Eaton v. Eaton*, 119 N.J. 628, 644-45 (N.J. 1990).

[26] *See* (D.E. 179, Certification of Lombardi, Ex. B at 17).

Mr. Dweck stated, "The truthful response is, I committed no crime but pled guilty to a crime."[27]

Courts have allowed defendants to maintain their innocence in subsequent civil proceedings.[28]  The fact that Mr. Dweck maintains his lack of culpability in this civil matter does not necessarily contradict his testimony during his plea hearing in the criminal matter.  The New Jersey Rule providing for civil reservations implicitly recognizes this scenario.  Because Mr. Dweck chose to plead guilty, the answers he provided during the allocution simply comported with the requirements of the court.

    **D.**    **The Judgment of Conviction Should Only Be Admissible to Impeach Defendant's Credibility as to His Counterclaims**

For the above reasons, Mr. Dweck has not waived his civil reservation.  As the court stated in *Stone*, "[t]he immunity is *not* available to prevent impeachment which may uncover the perjurious basis of a criminal defendant's civil claim."[29] In this action, Mr. Dweck asserts counterclaims against A.A.

---

[27] (D.E. 178, Pl.'s Opp. Brief at 11).

[28] *Hanley v. Com., Dept. of Transp., Bureau of Motor Vehicles*, 749 A.2d 1045 (Comm. Ct. PA. 2000) (affirming that mechanic's guilty plea in criminal case did not estop him from claiming, in civil case, that he was innocent of the same offense).

[29] *Stone*, 191 N.J. Super. at 558.

Action.   Mr. Dweck acknowledges that "the only time the A.A. Action may use defendant's criminal conviction to impeach the defendant… [is] in defense of Mr. Dweck's counterclaims."[30] Similar to *Stone*, if Mr. Dweck made statements contradictory to his guilty plea in order to support his counterclaims against the Plaintiff, he would waive his civil reservation. Therefore, the Judgment of Conviction will only be admissible to impeach his credibility as to his counterclaims against Plaintiff.

## IV.   **CONCLUSION**

    This Court concludes that the civil reservation that Mr. Dweck entered into as part of his guilty plea is not waived, and evidence of Mr. Dweck's guilty plea, conviction, and sentence may not be used by A.A. Action to prove its claims.   The Judgment of Conviction may only be admitted to impeach Mr. Dweck as to his counterclaims against Plaintiff.

    For the foregoing reasons,

        IT IS on this Thursday, July 28, 2016,

**ORDERED** that Defendant's motion *in limine* to bar Plaintiff, A.A. Action, from using as evidence Mr. Dweck's guilty plea, conviction, and sentence in a related criminal matter is

---

[30] (D.E. 182, Def.'s Reply Brief at 5).

**GRANTED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/31/2016 10:36:46 PM

cc: All parties
        File